UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID BRADLEY SMITH,            )
                                )
      Plaintiff,               )
                                )
v.                              )   No. 3 07 0014
                                )   Judge Echols
WILLIAMSON COUNTY PUBLIC        )
DEFENDER'S OFFICE, ET AL.,      )
                                )
      Defendants.              )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Williamson County Jail in Franklin, Tennessee. The plaintiff brings this action under 42 U.S.C. § 1983 against: (1) the Williamson County Public Defender's Office; and (2) Susan Logan, Assistant Public Defender. The plaintiff seeks injunctive relief and money damages.

Owing to their brevity, the statement of the facts in the complaint are quoted below in their entirety:

> Susan Logan entered a motion of appearance in my (David B. Smith) case Docket No. 11-DR11736 in the Circuit Court for Williamson County on the 28th day of August 2006. In an initial phone consultation on the 19th day of September 2006, Susan Logan stated that "she could not in good conscience represent me in my case because of my beliefs and my color." In a second conversation on the 6th day of October 2006, Susan Logan divulged information indicating improprieties and unethical practices on the part of the office of the Public Defender 21st Judicial District. Both conversations occurred on a recorded correctional center phone (19 Sep 06 @ 4 pm and 6 Oct @ 1045 am). Evercom is the phone company provider. Evercom can be subpoenaed for copies and or transcripts of this evidence. This action violates my right to

>     counsel and is clearly a discrimination based
>     on racial beliefs.

(Complaint, ¶ IV, p. 5)[1]

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claim lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to

---

[1] The statement of the claim has been edited for readability, *i.e.*, spelling errors and unnecessary/incorrect capitalization have been corrected.

2

be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

## Public Defender's Office for the 21st Judicial District

In his complaint, the plaintiff alleges that Assistant Public Defender Logan "divulged" unspecified "information indicating improprieties and unethical practices on the part of the office of the Public Defender 21st Judicial District."

The Court notes first that the plaintiff does not name the public defender as a defendant; he names the <u>office</u> of the public defender. (Complaint at 1, 4). The law is well established that "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*)). In that vein, the courts in this circuit have previously held that sheriffs' offices and courts are not bodies politic and, as such, they are not persons within the meaning of § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993)(state courts are not persons for purposes of § 1983); *Timberlake by Timberlake v.*

3

*Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992). Just as sheriffs' offices and courts are not "persons" within the meaning of § 1983, the Court finds that the public defender's <u>office</u> also is not a "person" for purposes of § 1983.

Even if the Court should have liberally construed the complaint to name the Public Defender <u>personally</u> as the defendant, as explained below, the plaintiff still is not entitled to relief. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594 (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)). Conclusory pleadings are insufficient and subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). Here, the plaintiff's vague, unsupported reference to unspecified "improprieties and unethical practices" is wholly conclusory. Thus, to the extent that this claim were liberally

4

construed to pertain to the Public Defender personally, in the absence of any supporting factual allegations, such a claim would be conclusory as well.

For the reasons explained above, this claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

### Assistant Public Defender Susan Logan

The plaintiff alleges that, after entering an appearance on his behalf on August 28, 2006, Assistant Public Defender Logan told him on September 19, 2006 that she could not "in good conscience represent [him] . . . because of [his] beliefs and [his] color." From the complaint, it appears that, notwithstanding her alleged statement of bias to the plaintiff on September 19, Assistant Public Defender Logan still represented him on October 6, 2006, when she allegedly divulged information about the Public Defender's Office. Moreover, the plaintiff does not assert, nor can it be liberally construed from the complaint, that he has asked the Court to remove Assistant Public Defender Logan from his case for cause, nor does the plaintiff claim that Assistant Public Defender Logan has so moved. Absent anything to the contrary in the complaint, it appears that Assistant Public Defender Logan still represents the plaintiff. Moreover, from the record before the Court, it appears that the state criminal action against the plaintiff is ongoing.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not intervene in

5

pending state criminal proceedings begun prior to the institution of a federal suit except in the very unusual situation where an injunction is necessary to prevent both immediate and great irreparable injury. *Id.* at 46. The Supreme Court grounded its decision on principles of equity and on notions of comity, to which it gave the name, "Our Federalism." According to the Supreme Court, "Our Federalism" represents "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id.* at 45. Thus, *Younger* established the principle that, in cases seeking to intervene in ongoing state criminal proceedings, federal courts should not exercise jurisdiction but instead should dismiss the cases in their entirety. *See Watts v. Burkhart* 854 F.2d 839, 844 (6th Cir. 1988)(citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)(*Younger* abstention "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both sate and federal, to the state courts").

Abstention in favor of state courts is proper where: (1) state proceedings are ongoing; (2) important state interests are implicated; and (3) there is an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Assen*, 457 U.S. 423, 432 (1982); *Tindal v. Wayne County Friend of the Court*, 269

6

F.3d 533, 538 (6th Cir. 2001); *Kelp v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). If, however, a plaintiff demonstrates extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. *See Finger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

As already noted, it appears that the state criminal action against the plaintiff is ongoing. Additionally, important state interests always are at stake when a state is prosecuting a criminal action in its courts. Furthermore, given the apparent stage of the criminal proceedings against him, the plaintiff will have ample opportunity to raise any constitutional challenges to the state criminal proceedings against him. Finally, the plaintiff has not alleged, nor can it be liberally construed from the complaint, that extraordinary circumstances exist that would require federal court intervention.

For the reasons stated above, the Court concludes that adherence to the abstention doctrine is required in this case. Therefore, the plaintiff's claim against Assistant Public Defender Logan will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge

7